# STATE OF FLORIDA v. RHEA
## Case No. 66977/8/9-LN
Seventh Judicial Circuit, Volusia County
August 8, 1984

### APPEARANCES OF COUNSEL

**Shawn Briese,** Assistant State Attorney, for plaintiff.
**Joseph T. Garlovsky** for defendant.
**Patrick G. Kennedy** for Daytona Beach Shores.

### OPINION OF THE COURT

GAYLE GRAZIANO, County Judge.

THIS MATTER having come before the Court on Defendant's Supplemental Motion to Suppress Breathalyzer Results, the Court

having heard testimony and arguments of counsel and having been fully advised in the premises, it is hereby;

ORDERED and ADJUDGED that the said motion is hereby denied for the reasons more fully set forth below.

The Defendant, Tyler Wayne Rhea, was charged in a two-count information with DUI and DUBAL in Violation of Florida Statute 316.193(1)(a) and (b). In addition to the information, there were also filed against the defendant citations alleging violation of his Driving License Restriction in Violation of Florida Statute 322.16 and a violation of Florida Statute 316.217, Operating Without Headlights.

The motion before the Court dealt only with evidence obtained in relation to the information counts, in that only the results of the breathalyzer were sought to be suppressed.

The facts of the case were that Officer Mason of the Ormond Beach Police Department stopped the defendant in the 100 block of South Atlantic Avenue, after observing the defendant driving at a high rate of speed, with only his parking lights operational. The time of the stop was approximately 2:22 a.m. After performing the field sobriety test, the defendant was arrested and transported to the Ormond Beach Police Department where he submitted to a breathalyzer test. Only one breath sample was obtained at 3:18 a.m., by Officer McCue, who administered the test on the Stevenson 900. Test results were .17 BAC.

The Defendant, through his counsel, Joseph Garlovsky, now appears before the Court and asks that these results be suppressed because only one test was taken and that with only one test, the results are not reliable nor relevant. Counsel for the defense also argues that a prearrest test should have been performed, although none was demanded by the defendant. Since none was demanded, the Court finds Florida Statute 316.1932(b) inapplicable. Therefore, the issue before the Court is: *whether two samples are required before the breathalyzer test results should be admissible?*

To answer the question placed before the Court, it must be determined whether the concerns raised by defense counsel through the testimonies of Dr. Hearn and Dr. Wingleth, and through the articles submitted for consideration, go to the issue of admissibility or to the issue of credibility.

If it is a matter of credibility, then it is a question that must be resolved by the jury and any concerns regarding the test or the test

26

results should be presented to the jury through competent testimony or other evidence.

If it is an issue of admissibility, then the Court must determine whether the test, or the results thereof, are sufficiently reliable to warrant submission to the jury for consideration and if such results are relevant to the elements of proof regarding a DUI offense.

Tests results have long been deemed relevant in DUI trials, both by the case law and statutory law. See Florida Statute 316.1934. As long as the test is taken within a reasonable time after the alleged offense, this Court will find such results to be relevant to the issue of whether the defendant was under the influence of intoxicating beverages to the extent that his normal faculties were impaired at the time of the alleged driving.

As to the issue of reliability, there was a conflict in the testimony. Dr. Lee Hearn and previously, Dr. Wingleth have challenged the reliability of breath tests to ascertain blood alcohol content. Dr. Hollis Bowman indicated that such tests were a reliable indication of blood alcohol content. Unfortunately, most of the witnesses' concerns regarding test deficiencies (i.e., individual variability as to standard ratio and/or erroneous administration or instrumentation) cannot be cured by two tests but are inherent within the machinery. It is possible that two tests *might* give some indications as to whether this defendant was increasing or decreasing in blood alcohol content for purposes of extrapolation, but such could also be determined by a subsequent blood test if the defendant requested one. See Florida Statute 316.1932(f).

Furthermore, as to the issue of reliability, several states have required two tests to be administered. See *California v. Trombetta,* (U.S. Supreme Court, June 16, 1984). Yet the State of Florida has not by statute nor regulation deemed such necessary to establish reliability. As long as the State, through its statutes and regulations, deems a test reliable, and admissibility has been upheld through the case law, this Court will not disturb such findings without substantial evidence to indicate unreliability. This is not the situation before the Court in the instant case.

The Court finds such tests to be relevant and reliable and therefore admissible. The value of two tests is so minimal that to fail to provide a second test result to the defendant is not a violation of due process.

Having found such results admissible, it now becomes a question of credibility which must and will be submitted to the jury for their consideration.